# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| Shuangxi Zhang,<br><br>     Plaintiff,<br><br>     v.<br><br>KALIYADI, AWGSEE, KUGUAOK, XINGYANGXIXIANG, OUTDOORKING, nssiw, and OUKEMAX,<br><br>     Defendants. | Case No. 1:25-cv-10942<br><br>Judge: Matthew F. Kennelly<br>Magistrate Judge: Beth W. Jantz |

## JOINT STATUS REPORT

Pursuant to the Court's minute entry on October 22, 2025, Counsel for Plaintiff Shuangxi Zhang ("Plaintiff"), Mr. Qianwu Yang, and counsel for Defendants KALIYADI, OUKEMAX, OUTDOORKING and nssiw (collectively, the "Appearing Defendants"), Mr. Benjamin Solter, met and conferred via Zoom at 8 p.m. CST on October 23, 2025. The parties hereby jointly propose the Court establish the following schedule for expedited discovery and briefing of the preliminary injunction motion:

**1. Written discovery**

Service: The parties shall serve expedited discovery requests by October 29, 2025.

Responses: The parties shall serve written responses and responsive documents by November 12, 2025.

Scope: Each party may serve up to fifteen (15) interrogatories and thirty (30) requests for production on any other party. Parties may also serve non-party subpoenas and discovery requests limited to the issues in dispute.

Electronically Stored Information: Given that this is a design patent case, and the parties have not achieved unanimous agreement on the overall applicability of the Local Patent Rules, the parties nonetheless agree to adopt the following sections in the Local Patent Rules for Electronically Stored Information (LPR ESI) : LPR ESI 1.2, 1.4, 2.2, 2.3, 2.5, 2.6. See Exhibit 1. Additionally, the parties agree that LPR ESI 2.6 regarding email production also applies to instant messages, such as WeChat, DingTalk, and the like.

Plaintiff anticipates serving discovery requests on Defendants concerning, without limitation, the following subjects:

(1) the identities and locations of Defendants, their officers, and their actual controller(s), together with all known contact information, including email addresses associated with e-commerce platforms;

(2) the identity and location of Defendants' manufacturer(s) in relation to the accused products;

(3) all ASINs associated with the accused products;

(4) the relevant seller aliases and product identification numbers/information of the accused products that are offered on other e-commerce platforms;

(5) sales data and revenue from the initial product listings to the present;

(6) the first listing/offer-for-sale date(s) and, if different, the first U.S. sale date(s) for the accused products and accused ASINs;

(7) when Defendants became aware of the Patent-in-Suit, Chinese Patent No. CN305679802S, and/or products that practice the Patent-in-Suit;

(8) the first date of manufacture of the accused products, to the extent maintained in the ordinary course;

(9) the design process for the accused products; and

(10) evidence of copying of the Patent-in-Suit and/or commercial embodiments thereof.

Plaintiff anticipates serving discovery requests on Amazon concerning, without limitation, the following subjects:

(1) the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all e-mail addresses associated with Amazon;

(2) Defendants' sales data and revenue, methods of payment for services, and financial information (including, without limitation, any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them).

Defendants anticipate serving discovery requests on Plaintiff concerning, without limitation, the following subjects:

(1) identification of all prior art of which Plaintiff, the named inventor, or anyone acting on their behalf is aware that relates to U.S. Design Patent No. D901,581, including printed publications, web pages, videos, advertisements, catalogues, and physical products in public use, on sale, or otherwise available to the public before June 16, 2020, together with the date first publicly available, the source or location, any uniform resource locator, and the custodian of records;

(2) identification of all disclosures of the claimed design made by the inventor or by any person who obtained the subject matter from the inventor during the one year before June 16, 2020, including the identity of the discloser, the content disclosed, the date, the manner of disclosure, the audience, and whether the disclosure was authorized by the inventor;

(3) documents sufficient to show the content, timing, and public accessibility of each disclosure identified in item (2), including original media files, platform or hosting data, and metadata reasonably available;

(4) identification of all third-party publications or products known to Plaintiff that are similar to, or that Plaintiff considered in evaluating, the patented design, including but not limited to references relating to Julbo Aerospeed, Sweet Protection Ronin, X-TIGER cycling glasses, and Smith Pivlock Arena or Arena Max, with the date and source at which each was first known to Plaintiff, and copies of the materials to the extent reasonably available;

(5) non-privileged facts regarding any prior-art searches performed by or for Plaintiff relating to the patented design, including the existence of such searches, the databases or platforms searched, the general search terms used, the date ranges, and the references located, without requesting attorney communications or mental impressions;

(6) documents sufficient to show any manufacture, sale, or offer for sale of products that embodied the patented design before June 16, 2020, including communications with distributors or brand partners, invoices, purchase orders, and shipping records, to the extent reasonably available;

(7) documents sufficient to show the filing and prosecution of any foreign design application covering the patented design, including Chinese Design Patent No. CN305679802S, and any public disclosures associated with such filings;

(8) identification of persons with knowledge of the materials described in items (1) through (7), including name, title, employer, and contact information, to the extent reasonably available.

## 2. Depositions

The parties may conduct depositions, which shall be completed by November 19, 2025.

Depositions will be conducted by videoconference under Rule 30(b)(4) or at a location convenient to the witness; for witnesses located in mainland China, depositions shall be taken in Hong Kong and during normal business hours in Hong Kong. Any counsel or party representative may appear and participate by contemporaneous videoconference; the oath will be administered by a deposition officer authorized under Rule 28, who may attend remotely or in person.

Each party may conduct up to two (2) depositions per opposing party during the expedited discovery period. The depositions taken during the expedited discovery shall not prejudice a party's ability to subsequently depose a witness in the ordinary course of discovery.

**3. Briefing**

Plaintiff's Brief in Support of Motion for Preliminary Injunction: Due on November 26, 2025. Plaintiff may file an opening brief of no more than 30 pages, excluding the cover page, tables, signature block, and certificate of service.

Defendants' Brief(s) in Opposition: Due on December 10, 2025. Defendants may file a response brief of no more than 30 pages, excluding the cover page, tables, signature block, and certificate of service.

Plaintiff's Reply Brief in Support: Due on December 17, 2025. Plaintiff may file a reply brief of no more than 15 pages, excluding the cover page, tables, signature block, and certificate of service.

**4. Preliminary Injunction Motion Hearing**

The parties defer to the Court as to whether a hearing is necessary and, if so, to the Court's determination of the hearing date and time.

Respectfully submitted,

DATED: October 29, 2025          **SHM LAW FIRM**

By:     */s/Qianwu Yang*
QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorney for Plaintiff Shuangxi Zhang*

DATED: October 29, 2025

By:     */s/ Benjamin Solter*
Benjamin Solter
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
Direct Telephone No.: (781) 752-6369
bsolter@cbcounselor.com

*Attorney for Defendants* KALIYADI,
OUKEMAX, OUTDOORKING and nssiw

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: October 29, 2025

/s/Qianwu Yang

Qianwu Yang

**Attestation of Signature**

The other signatories listed, and on those behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 29, 2025

/s/Qianwu Yang

Qianwu Yang